UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 2 4 2018

------------------------------------- x

HECTOR TIRADO,

                         Petitioner,

        -against-

UNITED STATES OF AMERICA,

                        Respondent.

------------------------------------- x

MEMORANDUM DECISION AND
ORDER

18 Civ. 1256 (GBD)
15 Crim. 487 (GBD)

GEORGE B. DANIELS, United States District Judge:

Petitioner Hector Tirado seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (*See* Pet., ECF No. 1.) Petitioner requests a reduction of his sentence to sixty months or, in the alternative, the appointment of appellate counsel and reinstatement of his right to appeal on the grounds that his counsel was constitutionally ineffective for failing to raise certain arguments at his sentencing and failing to appeal his sentence. (*See id.* at 5.) Petitioner further requests leave to amend if his Petition is denied. (*See* Pet. Obj. to Gov't Mem. ("Reply"), ECF No. 9.) The Government opposes the Petition. (*See* Mem. in Opp'n ("Opp'n"), ECF No. 6.)

After filing a response to the Government's opposition, (*see* Reply), Petitioner filed a motion for an order to show cause "as to why the Petitioner's 2255 motion should not be granted." (Pet. Mot. for Issuance of Show Cause Order, ECF No. 10, at 1.) Petitioner also filed a motion (the "Status Quo Motion") requesting a "status quo hearing" on his Petition and the appointment of counsel. (Mot. for Status Quo Hearing ("Status Quo Mot."), ECF No. 11.)

The Petition and request for a hearing are DENIED. Petitioner's motion for an order to show cause and request for the appointment of counsel are DENIED as moot. Petitioner's request for leave to amend is DENIED as futile.

## I. FACTUAL BACKGROUND

On May 23, 2017, pursuant to a written plea agreement, Petitioner pled guilty to conspiring

to distribute and possess with intent to distribute one kilogram or more of heroin and 280 grams

or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A). (Pet. at 1; Opp'n at 1.) In the

plea agreement, the parties stipulated, among other things, that Petitioner "conspired to distribute

at least three kilograms of heroin and at least 840 grams of cocaine base." (Presentence

Investigation Report ("PSR"), Crim. Dkt., ECF No. 263, ¶ 6.[1]) The parties also stipulated to

various adjustments to the offense level, including a "two-level increase . . . because the defendant

was an organizer of the criminal activity, pursuant to [§] 3B1.1 of the United States Sentencing

Guidelines." (Id.) The parties further stipulated that, based on an offense level of thirty-one and

a criminal history category of II, the Guidelines range was 121 to 151 months' imprisonment, with

a mandatory minimum of 120 months' imprisonment. (Id.)

At Petitioner's plea hearing, Petitioner affirmed that he had discussed his case and the

consequences of entering a guilty plea with his attorney, and was satisfied with his attorney and

her representation of him. (Transcript ("Plea Tr."), Crim. Dkt., ECF No. 239, at 4:6–13.)

Petitioner acknowledged that he read the plea agreement and discussed it with his attorney before

signing it, and fully understood the agreement before he signed it. (Id. at 12:10–18.) Petitioner

further acknowledged that he understood he had a right to a trial at which the Government would

be required to prove Petitioner's guilt by competent evidence and beyond a reasonable doubt, and

that by pleading guilty, he was giving up that right. (Id. at 5:14–7:9.) Petitioner also affirmed

that he understood that "under the express terms of this plea agreement . . . [Petitioner was]

waiving [his] right to file any appeal of the conviction and sentence in this case if the sentence

---

[1] Citations to "Crim. Dkt." refer to docket entries in Petitioner's criminal case, *United States v. Tirado*, No.
15 Crim. 487-11 (S.D.N.Y.).

[was] within or below the stipulated [G]uideline range as laid out in the plea agreement." (*Id.* at 13:8–14.) This Court accepted Petitioner's plea and found that it was entered knowingly and voluntarily. (*Id.* at 15:19–25.)

The Presentence Report ("PSR") issued prior to Petitioner's sentencing, like the plea agreement, calculated Petitioner's offense level as thirty-one. (PSR ¶ 45.) However, the PSR calculated Petitioner's criminal history score as zero and his criminal history category as I. (*Id.* ¶ 51.) Accordingly, the PSR calculated the applicable Guidelines range as 120 to 135 months' imprisonment, with a mandatory minimum sentence of 120 months' imprisonment. (*Id.* ¶ 86.)

At the sentencing, this Court accepted the factual recitations and the Guidelines range calculated in the PSR.[2] (Transcript ("Sentencing Tr."), Crim. Dkt., ECF No. 295 at 11:9–12.) After stating that it had "considered all of the factors in [18] U.S.C. 3553 relevant to sentence," as well as the "submissions and the statements made by the parties," this Court imposed the mandatory minimum sentence of 120 months' imprisonment, to be followed by a five-year period of supervised release.[3] (*Id.* at 11:12–19.)

## II. LEGAL STANDARDS

Petitioner's claims are brought pursuant to 28 U.S.C. § 2255, which provides a "vehicle for a federal prisoner's challenge to his conviction and sentence." *United States v. Fabian*, 555 F.3d 66, 68 (2d Cir. 2009). When a claim is brought under § 2255, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court

---

[2] In light of this Court's acceptance of the Guidelines calculation in the PSR, which calculated Petitioner's criminal history category as I and the Guidelines range as 120 to 135 months, Petitioner's argument in the Status Quo Motion that Guidelines calculation in the plea agreement was incorrect is moot. (*See* Status Quo Mot. at 1.)

[3] The sentencing transcript refers to "138 U.S.C. 3553," which appears to be a typographical error. (Sentencing Tr. at 11:12.)

shall . . . grant a prompt hearing thereon." 28 U.S.C. § 2255(b). "To warrant a hearing, the motion must set forth specific facts . . . that, if proved at a hearing, would entitle him to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013) (emphasis added). A "full testimonial hearing" is not required if the "district court's review of the submitted papers constitute[s] a sufficient evidentiary hearing on the facts of th[e] case." *Chang v. United States*, 250 F.3d 79, 80 (2d Cir. 2001).

The instant petition asserts a claim for ineffective assistance of counsel, which is governed by the two-pronged standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must: "(1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." *Jackson v. Conway*, 763 F.3d 115, 154 (2d Cir. 2014) (citation omitted). To establish prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

## III.   PETITIONER'S INEFFECTIVE ASSISTANCE CLAIM FAILS

Petitioner argues that his counsel's performance at his sentencing was constitutionally deficient because she failed to raise arguments regarding: (1) the need to avoid unwarranted sentencing disparities; (2) Amendment 794 to the Guidelines; and (3) the scope of "jointly undertaken criminal activity" relevant to sentencing. (Mem. in Supp. of Pet. ("Mem.") at 2; Reply at 2–3.) However, Petitioner cannot show that his counsel's failure to raise any of these arguments was objectively unreasonable or caused him to suffer any prejudice.

Petitioner contends that his counsel was ineffective for "never filing an argument base under [sic] Amendment 794" to the Guidelines. (Mem. at 3.) But Amendment 794 had no bearing on Petitioner's sentence. Amendment 794 "modified . . . the factors that a district court should

4

consider in deciding whether to apply" the reductions in Guidelines § 3B1.2 for defendants who have "minor" and "minimal" roles in criminal activity. *United States v. Soborski*, 708 F. App'x 6, 10 (2d Cir. 2017). However, in Petitioner's plea agreement, the parties stipulated to a "two-level *increase* . . . because the defendant was an organizer of the criminal activity, pursuant to [§] 3B1.1 of the . . . Guidelines."[4] (*Id.*) As mentioned above, at Petitioner's sentencing, this Court accepted the factual recitations in the PSR, including those discussing the plea agreement. (Sentencing Tr. at 11:9–12.)

"[A] factual stipulation in a plea agreement is a valid basis for a factual finding relevant to sentencing" if the "record clearly demonstrates that the stipulation was knowing . . . and voluntary." *United States v. Granik*, 386 F.3d 404, 413 (2d Cir. 2004). "This test will ordinarily be satisfied where (i) the plea agreement makes a stipulation clearly and explicitly and (ii) the defendant signs the agreement and allocutes to understanding the consequent loss of the right to put the government to its proof." *Id.* "It will ordinarily not be necessary for the court taking the plea to question the defendant about each factual stipulation." *Id.*

Moreover, even if Petitioner was eligible for a role reduction pursuant to § 3B1.2, "a district court is . . . generally presumed to have properly considered the relevant provisions of the Guidelines as long as the court is aware of those provisions and 'nothing in the record indicates misunderstanding' of them." *Soborski*, 708 F. App'x at 12 (quoting *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005)). Petitioner concedes that his guilty plea occurred well after Amendment 794 was "approved in Congress [in] Nov. 2015." (Mem. at 2.) Petitioner has not identified any facts suggesting that this Court was "not alerted to" Amendment 794 or had a

---

[4] In light of this stipulation, Petitioner's contentions that his counsel was ineffective for "conced[ing]" that he had a managerial role in the conspiracy and for failing to argue that he was not an "organizer" are without merit. (Reply at 3.)

"misunderstanding of Amendment 794's full import." *Soborski*, 708 F. App'x at 12–13. In the absence of such facts, and the inapplicability of Amendment 794 to Petitioner's case, Petitioner's counsel was not ineffective for failing to raise that amendment at sentencing.

Petitioner also argues that his counsel was ineffective for failing to make a § 3553(a)(6) argument that there was an "unwarranted disparity" between Petitioner and "other similar[ly] situated co-defendant[s] who receive[d] 60 months."[5] (Mem. at 2.) This argument fails for two reasons. First, § 3553(a)(6) "requires a district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants." *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008). Second, those co-defendants are not "similarly situated" to Petitioner, because they pled guilty to violations of 21 U.S.C. § 841(b)(1)(B), which carries a five-year mandatory minimum sentence, rather than the ten-year mandatory minimum carried by § 841(b)(1)(A). (*See* Judgment, Crim. Dkt., ECF Nos. 166, 201, 205, 206, 228, 322, 355, 371); *see also Frias*, 521 F.3d at 236 (finding a petitioner was "not similarly situated" to his co-defendant, because the co-defendant pled guilty to counts with statutory maximums of twenty-five years, while the petitioner pled guilty to a count with a statutory range of twenty years to life).

Petitioner does not specifically argue that his sentence is disparate from sentences imposed nationally, but does contend that this Court was "required" to consider statistics released by the United States Sentencing Commission. (Mem. at 4.) As support for this contention, Petitioner cites *United States v. Jenkins*, in which the Second Circuit considered such statistics because they "allo[wed] for a meaningful comparison of [the defendant's] behavior to that of other child pornography offenders." 854 F.3d 181, 193 (2d Cir. 2017). However, the decision in *Jenkins* also noted that, "[i]n general, a district court need not consult the Commission's statistics because

---

[5] 18 U.S.C. § 3553(a)(6) directs sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

there is 'no assurance of comparability.'" *Id.* at 193 (emphasis added and citation omitted). Here, Petitioner has not identified any specific facts that place his case outside of the scope of the general rule, and his argument that this Court was "required" to consider the Commission's statistics is without merit. *See United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009) (rejecting an identical argument). Thus, the failure to raise a § 3553(a)(6) argument did not render Petitioner's counsel's performance constitutionally deficient.

Even if this Court were to construe Petitioner's argument as one that his counsel was ineffective for failing to negotiate a plea agreement that permitted Petitioner to plead to the same lesser included offense as his co-defendants, that argument would also fail. Petitioner "has not alleged any facts to show . . . that the government would have offered him" a different plea agreement. *McLean v. United States*, Nos. 12 Civ. 1954 (RJS), 12 Civ. 7559 (RJS), 08 Crim. 789 (RJS), 2016 WL 3910664, at *10 (S.D.N.Y. July 13, 2016). In fact, the Government asserts that it would not have done so. (*See* Opp'n at 6.) Plaintiff's "mere speculation about how plea negotiations would have proceeded . . . is therefore unavailing." *Anthoulis v. New York*, 586 F. App'x 790, 792 (2d Cir. 2014).

Third, Petitioner argues that his counsel was ineffective for failing to argue that the sale of cocaine base was not part of the "jointly undertaken activity" that he agreed to participate in and was not foreseeable to him, citing the Second Circuit's decision in *Studley*, 47 F.3d 569 (2d Cir. 1995). (Reply at 3–4.) In *Studley*, the Second Circuit held that when sentencing a defendant "on the basis of criminal activity conducted by a coconspirator, a district court must make a particularized finding as to whether the activity was foreseeable to the defendant" and "of the scope of the criminal activity agreed upon by the defendant." *Studley*, 47 F.3d at 574. Petitioner stipulated in his plea agreement that he "conspired to distribute at least three kilograms of heroin

*and at least 840 grams of cocaine base.*" (PSR ¶ 6 (emphasis added).) In light of this stipulation,

the fact that Petitioner's counsel did not make arguments regarding Petitioner's agreement to and

awareness of sales of cocaine base does not render her performance objectively unreasonable. *See*

*Azcona v. United States*, No. 01 Civ. 4539 (HB), 2002 WL 1997900, at *3 (S.D.N.Y. Aug. 29,

2002) (defendant could not show deficient performance where his "stipulation to the amount of

heroin and his role in the offense were terms of the plea agreement from which he received

significant benefit").

Regardless of whether counsel's failure to raise the arguments discussed above rendered

her performance objectively unreasonable, Petitioner cannot show that he was prejudiced, because

he received the mandatory minimum sentence for the offense to which he pled guilty. *See, e.g.*,

*United States v. Lewis*, 523 F. App'x 814, 820 (2d Cir. 2013) (finding drug conspiracy defendant

"cannot show prejudice" where he was "sentenced to the . . . mandatory minimum" and "[a]bsent

a safety valve departure or motion by the government pursuant to 18 U.S.C. § 3553(e), the court

could not sentence [the defendant] to any less than . . . he received") (citation omitted). Because

Petitioner's claims regarding counsel's performance at sentencing do not satisfy either prong of

*Strickland*, they cannot form the basis for an ineffective assistance of counsel claim.[6]

In addition to his arguments regarding sentencing, Petitioner argues that his counsel was

ineffective for failing to file a notice of appeal on his behalf. (Mem. at 1; Status Quo Mot. at 2.)

However, Petitioner acknowledges that his plea agreement contained a waiver of the right to

appeal. (*See* Mem. at 2.) "[W]aivers of the right to appeal a sentence are presumptively

---

[6] Given Petitioner's failure to state a claim for ineffective assistance of counsel at sentencing, his citation
to *In re Sealed Case*, No. 16-3005, 2018 WL 4000480 (D.C. Cir. Aug. 17, 2018), is unavailing. (*See* Status
Quo Mot. at 2); *cf. In re Sealed Case*, 2018 WL 4000480, at *6 (finding an appellate waiver "does not
preclude" a claim of ineffective assistance of counsel at sentencing, and remanding case where petitioner
"plausibly allege[d]" such a claim).

enforceable and will be enforced so long as they are knowing and voluntary." *United States v. Burden*, 860 F.3d 45, 52 (2d Cir. 2017) (citation and internal quotation marks omitted). As noted above, at the plea hearing, Petitioner specifically acknowledged his understanding that he was waiving his right to appeal. (Plea Tr. at 5:14–7:9.) This Court found Petitioner's plea was entered knowingly and voluntarily, and Petitioner does not argue otherwise. (*Id.* at 15:19–25.)

Nonetheless, Petitioner asserts that the waiver does not bar his appeal, citing the *Menna-Blackledge* doctrine reaffirmed by the United States Supreme Court in *Class v. United States*, 138 S. Ct. 798 (2018). (Mem. at 2.) However, that doctrine—which holds that a guilty plea does not waive a challenge to the constitutionality of the statute of conviction—has no relevance here, because Petitioner does not challenge the statute under which he was convicted. *Id.* at 804.

Petitioner also contends that, even if his appellate waiver was valid, his counsel was constitutionally ineffective for failing to file a notice of appeal, citing *United States v. Campusano*, 442 F.3d 770 (2d Cir. 2006). (Mem. at 3.) In that case, the Second Circuit held that if a defendant requests an appeal, "[e]ven after a waiver [of the right to appeal], a lawyer who believes the requested appeal would be frivolous is bound to file the notice of appeal and submit" an *Anders* brief.[7] *Campusano*, 442 F.3d at 771. If the lawyer does not file the notice, prejudice is "presume[d]," and the defendant is "entitled to a direct appeal without any showing on collateral review that his appeal will likely have merit." *Id.* (citation omitted). Petitioner also cites *Daragjati v. United States*, in which the Second Circuit held that if a habeas petitioner "claims that his attorney failed to file a requested notice of appeal, the district court is required to hold a hearing 'to determine whether the client requested the appeal . . . without assessing the merits of the

---

[7] "[T]he function of an *Anders* brief is to demonstrate that a conscientious examination of the record has been made and that there are no non-frivolous issues on which an appeal can be based." *United States v. Ibrahim*, 62 F.3d 72, 74 (2d Cir. 1995) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)).

9

requested appeal." 598 F. App'x 50, 52 (2d Cir. 2015). In his motion for a status quo hearing, Petitioner notes that the Supreme Court recently granted *certiorari* in *Garza v. Idaho*, (Hearing Mot. at 3), which raises the question of whether the presumption of prejudice described in *Campusano* is appropriate. *See* Pet. for Writ of *Certiorari, Garza v. Idaho*, No. 17-1026 (Jan. 23, 2018), at 7–8.

Here, however, Petitioner does not allege that he requested that his counsel file a notice of appeal.[8] Rather, he argues that his counsel should have done so in light of the Supreme Court's then-pending decision in *Class*. (Mem. at 2.) Because Petitioner "does not claim that he ever requested that his attorney file a notice of appeal" but instead "alleges that his attorney failed to file a notice of appeal in light of post-sentencing legal developments," his claim "does not survive the plea agreement's collateral attack waiver." *Newkirk v. United States*, Nos. 14 Crim. 31-A (RJA), 17 Civ. 1077-A (RJA), 2018 WL 1417309, at *2 (W.D.N.Y. Mar. 22, 2018).

Because Petitioner has not "set forth specific facts . . . that, if proved at a hearing, would entitle him to relief," *Gonzalez*, 722 F.3d at 131, Petitioner's request for a hearing is denied. (Reply at 4.) Additionally, because the defects in Petitioner's claims are "fatal substantive defects that could not be cured by further pleading," Petitioner's request for leave to amend is denied as futile. *Smith v. United States*, 554 F. App'x 30, 32 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

---

[8] Although Petitioner's reply attaches various emails that he sent to his counsel both before and after his sentencing, none of the emails requests that an appeal be filed. (*See* Reply, Ex. A.)

## IV.   CONCLUSION

The Petition and motion for a hearing, (ECF Nos. 1, 11), are DENIED. Petitioner's motion

for an order to show cause, (ECF No. 10), and request for the appointment of counsel are DENIED

as moot. Petitioner's request for leave to amend is DENIED as futile.

Since Petitioner has not made a substantial showing of the denial of a federal right, a

certificate of appealability will not issue. 28 U.S.C. § 2253; *Tankleff v. Senkowski*, 135 F.3d 235,

241 (2d Cir. 1998). Moreover, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this Order would not be taken in good faith. Accordingly, *in forma pauperis* status is

denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


Dated: New York, New York
       September 24, 2018                          SO ORDERED.

                                                   GEORGE B. DANIELS
                                                   United States District Judge