**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: FEB 0 4 2021

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

          -against-

HECTOR TIRADO,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

15 Crim. 487-5 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant, *pro se*, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Petitioner's Mot. for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Compassionate Release Mot."), ECF No. 583.) The Government opposes Defendant's motion. (*See* Letter dated October 30, 2020 ("Gov't Opp'n"), ECF No. 595.) Defendant is serving a mandatory minimum sentence of 120 months' imprisonment after pleading guilty to conspiracy to distribute and possess with intent to distribute heroin and crack cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1), respectively. (*See* J. in a Crim. Case, ECF No. 289.) Defendant is currently incarcerated at FCI Allenwood Low and is expected to be released on May 22, 2024.[1]

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction."

---

[1] Defendant asserts that his earliest release is "potentially on May 22, 2023" or "May 22, 2022 with successful completion of RDAP program." (Reply at 1.)

18 U.S.C. § 3582(c)(1)(A)(i).[2]   Any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission."   *Id.*[3]

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release.   *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.").   Defendant is a 27-year-old man who claims to suffer from asthma and bronchitis.   (*Id.*)   Defendant argues that his asthma and bronchitis "increase his risk for potential complications if exposed to COVID-19 and there is a heightened COVID-19 risk at his current prison setting."   (Compassionate Release Mot. at 3.) Defendant has failed to meet his burden.

While Defendant states he was unable to obtain his "historical community medical records," there is no reference to asthma or bronchitis in "any of Tirado's Bureau of Prisons ("BOP") medical records from 2015 through 2020."   (Compassionate Release Mot. at 3; Gov't Opp'n at 6.)   Even assuming Defendant suffers from asthma and bronchitis, the lack of reference to either medical condition in Defendant's BOP medical records indicates that the asthma and bronchitis are mild as opposed to moderate or severe.   *See Coronavirus Disease 2019 (COVID-19) – People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-

---

[2] A court may only afford relief under Section 3582(c)(1)(A) "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   18 U.S.C. § 3582(c)(1)(A).   The parties do not dispute that Defendant has satisfied this procedural requirement.

[3] The parties cite to United States Sentencing Guidelines § 1B1.13 as an applicable policy statement. (Compassionate Release Mot. at 2; Gov't Opp'n at 4.)   The Second Circuit, however, has recently held that "Guideline § 1B1.13 does not, by its own terms, apply" to compassionate release motions "that are not brought by the BOP Director." *United States v. Booker*, 976 F.3d 228, 236–37 (2d Cir. 2020). Accordingly, Guideline § 1B1.13 does not "limit[ a] district court's discretion" when the motion is brought by a defendant.   The Court has not found, and the parties do not cite, any applicable policy statement.

ncov/need-extra-precautions/people-with-medical-conditions.html (last updated December 1, 2020) (noting that moderate to severe asthma "might increase your risk of severe illness from COVID-19."). Indeed, Defendant's records state that he "runs daily and plays basketball for recreation" without reference to any incident relating to asthma or bronchitis. (Gov't Opp'n at 6.) Mild asthma and bronchitis are not listed by the Centers for Disease Control and Prevention ("CDC") as medical conditions presenting an increased risk for severe illness as a result of COVID-19. *See Coronavirus Disease 2019 (COVID-19) – People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Defendant also argues that he "has a history of depression, with symptoms that have recently increased during this pandemic and modified operations within his prison setting." (*Id.* at 3.) Defendant has not specified what symptoms he is experiencing as a result of the pandemic and modified prison operations, or whether he has sought or has been denied medical treatment for such symptoms from FCI Allenwood Low. Even so, Defendant makes limited specific allegations about his experience at FCI Allenwood Low and generalized arguments about prison conditions. These allegations do not lead to the conclusion that his circumstances at this facility give rise to extraordinary and compelling reasons for release. Defendant contends that FCI Allenwood Low's "open dormitory" setting, "crowding," inability to socially distance, and "scant medical care" put him at heightened risk for contracting COVID-19. (Compassionate Release Mot. at 2; Letter dated December 24, 2020.) With no medical conditions that render Defendant vulnerable to serious complications from COVID-19, Defendant requests a conclusion that being held at FCI Allenwood Low is extraordinary and compelling circumstances warranting release. That conclusion is not warranted, especially considering the the BOP's ongoing efforts to combat the

3

threat posed by COVID-19 at its facilities, including FCI Allenwood Low.  (*See* Gov't Opp'n at

3.)  Further, as of February 3, 2021, FCI Allenwood Low reports 8 confirmed active cases of

COVID-19 among inmates and 16 such cases among staff.    *See COVID-19 Cases*,

https://www.bop.gov/coronavirus/ (last updated February 3, 2021).   While the facility has not

been immune to the virus, "the BOP has made and continues to make significant efforts to limit

the spread of COVID-19" and "protect inmates such as Tirado."   (Gov't Opp'n at 3.)   The BOP

has also implemented "additional testing of asymptomatic inmates to assist in slowing

transmissions" among inmates and staff.  (*COVID-19 Cases*, https://www.bop.gov/coronavirus/.)

Accordingly, Defendant has failed to present an extraordinary and compelling reason to justify his

release.[4]

The 3553(a) factors strongly counsel against Defendant's release.   The nature and

circumstances of the offense indicate that the sentence originally imposed remains sufficient, but

not greater than necessary, in this case.   Defendant pled guilty to conspiring to distribute and

possess with intent to distribute one kilogram or more of heroin and 280 grams or more of crack

cocaine.  (Gov't Opp'n at 2.)   These are two very addictive and dangerous drugs.   Defendant

also served a "mid-level" role in the drug trafficking crew as an "organizer of the criminal

activity."   (*Id.* at 3; Compassionate Release Mot. at 4.)   He worked alongside other members of

the crew to distribute heroin and cocaine "just a city block from a public school" and in "buildings

---

[4] The cases cited by Defendant that grant compassionate release to defendants from FCI Allenwood are distinguishable.   For example, in *United States v. Echevarria*, the court granted compassionate release to a 49-year-old defendant held at FCI Allenwood who had medical records evidencing a diagnosis and treatment for bronchial asthma and other chronic medical conditions that required monitoring.   *United States v. Echevarria*, No. 3:06 Crim. 269 (MPS), 2020 WL 2113604, *2 (D. Conn. May 4, 2020); *see also United States v. Gonzalez*, No. 3:17 Crim. 0062 (JAM), 2020 WL 251147, at *3 (D. Conn. May 5, 2020) (granting compassionate release to cancer survivor who was due to complete sentence within the year); *United States v. Monzon*, No. 99 Crim. 157 (DLC), 2020 US Dist. LEXIS 97037, at *2–3 (S.D.N.Y. June 2, 2020) (defendant suffered from cardiovascular condition); *United States v. Schafer*, 6:18 Crim. 06152 (EAW), US Dist. LEXIS 86834, at *3 (W.D.N.Y. May 18, 2020) (defendant was "immunocompromised" and suffered from asthma that required regular use of albuterol).

where families and children reside." (*Id.* at 7.) Moreover, Defendant's sentence appropriately reflects the gravity of his offense and the need for deterrence. Defendant is commended for his rehabilitation efforts, and the Court acknowledges the letters from Defendant's community. However, Defendant's sentence of 120 months is the lowest sentence in the Guidelines range of 120 to 135 months' imprisonment.

Defendant has not set forth an "extraordinary and compelling" reason to reduce his sentence. Defendant's request for compassionate release is DENIED.[5]

The Clerk of Court is hereby directed to close the motions at ECF No. 583.

Dated: February 3, 2021
       New York, New York

SO ORDERED.

*George B. Donald*

GEORGE B. DANIELS
United States District Judge

---

[5] Defendant requests the appointment of counsel in connection with his motion for compassionate release. *See* December 7, 2020 Letter. Considering this Court's denial of Defendant's motion for compassionate release, the request to appoint counsel is denied as moot.

5