**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,           :

                                         :

        -against-               :

                                         :        MEMORANDUM DECISION
                                       :          AND ORDER

HECTOR TIRADO,                :

                                       :        15 Crim. 487-5 (GBD)
              Defendant.      :

                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

Defendant Hector Tirado moves for early termination of his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). (Mot., ECF No. 759.) The Government opposes Defendant's motion. (*See* Gov't Opp'n., ECF No. 771.) Since Defendant has not demonstrated extraordinarily good behavior beyond what is expected nor any unforeseen circumstances which justify the early termination of his supervised release term less than three months ahead of its conclusion, Defendant's motion is DENIED.

## I.   FACTUAL BACKGROUND[1]

Defendant participated in a violent narcotics trafficking crew (the "Crew") from May 2014 through July 2015 which sold heroin and crack cocaine in the Bronx. (Gov't Opp'n, at 1.) Defendant was responsible for the distribution of at least three kilograms of heroin and 840 grams of crack cocaine. (*Id.*) On May 29, 2015, Defendant and one of his co-defendants assaulted a male victim on a public street that was in the Crew's territory. (*Id.*)

---

[1] This Court assumes familiarity with the general background of this case and will only restate relevant background as necessary to address the pending motion.

On May 23, 2017, Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin and a detectable amount of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and 841(b)(1)(C). (*See* Mot. at 2.) This Court then sentenced Defendant to a term of imprisonment of 120 months, followed by a five-year term of supervised release. (ECF No. 289.) Defendant's five-year term of supervised release began on July 3, 2023. (ECF No. 744.) His term was later reduced by two years on March 25, 2025, by this Court, acting on the application and recommendation of U.S. Probation Officer Specialist Lauren M. Blackford after Defendant's successful completion of the Reentry through Intensive Supervision and Employment ("RISE") court program. (*Id.*; Mot. at 3.) Defendant's supervision is now scheduled to conclude on July 2, 2026, less than three months from now. (ECF No. 744.)

While on supervised release, Defendant has been steadily employed. (Mot. at 3.) From 2023 to 2024, Defendant worked at "DocGo," and for the last year he has worked at a New Rochelle clothing store called "Top Tier." (*Id.*) At Top Tier, Defendant typically works forty-eight hours per week as a manager and supplements his income by working as a security guard on weekends. (*Id.*) Although Defendant lives with his mother in the Bronx, he frequently sees his two young children, who reside with their respective mothers, and has developed "an extremely close relationship with both children." (*Id.*) Defendant picks them up from school and regularly visits them every weekend. (*Id.*) Other than "some minor traffic offenses," Defendant has fully complied with the conditions of his supervised release, has stayed sober, (*id.* at 4–5,) and is currently at the lowest level of supervision, requiring only monthly reports and permission for interstate travel, (Gov't Opp'n., at 4.)

2

## II.  LEGAL STANDARD

The court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When assessing a motion for early termination of supervised release, courts must also consider the § 3553(a) factors. *U.S. v. Lussier*, 104 F.3d 32, 34 (2d Cir. 1997). These factors include "general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency." *Id.* at 35 (internal quotation marks omitted). No specific findings on these factors must be made, rather "a statement that the district court has considered the statutory factors is sufficient." *U.S. v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003).

## III.  EARLY TERMINATION OF SUPERVISED RELEASE IS UNWARRANTED

The lack of any extraordinarily good behavior or unforeseen circumstances makes early termination of Defendant's supervised release term unwarranted. Compliance with the terms of supervised release "is to be expected and is not a basis alone to terminate supervised release." *U.S. v. Green*, 09-cr-1175 (JGK), 2014 WL 4817745, at *1 (S.D.N.Y. Sept. 25, 2014). Importantly, "early termination is not warranted as a matter of course; on the contrary, it is only 'occasionally' justified due to 'changed circumstances' of a defendant, such as 'exceptionally good behavior.'" *U.S. v. McKay*, 352 F.Supp.2d 359, 360 (E.D.N.Y Jan. 10, 2005) (quoting *Lussier*, 104 F.3d at 36).

Defendant has demonstrated compliance with the terms of his supervised release and has been gainfully employed, even earning a promotion at his work. Defendant's efforts are laudable, but mere compliance with the terms of his supervised release are not the kind of "exceptionally good behavior" or "new or unforeseen circumstances" that warrant early termination. *See United States v. Wheeler*, No. 20 Cr. 492 (GHW), 2025 WL 1295610, at *2 (S.D.N.Y. May 5, 2025); *cf.*

3

*U.S. v. Sam*, 16-cr-184 (JGK), 2017 WL 455511 at *1 (S.D.N.Y. Jan. 19, 2017) (denying early termination of supervised release where movant "has made substantial strides toward rehabilitation...[is] a well-known and highly respected advocate for incarcerated and formerly incarcerated women...is a candidate for a Soros Justice Fellowship and...is supported by numerous letters from respected members of the community.").

Moreover, Defendant has not pointed to any other circumstances that would make the relatively short remainder of his supervised release term "too harsh" or "inappropriately tailored to serve general punishment goals." *U.S. v. Rasco*, 88-cr-817 (CSH), 2000 WL 45438 at *1 (S.D.N.Y. Jan. 19, 2000) (quoting *Lussier*, 104 F.3d at 36). Defendant is currently on the lowest level of supervision and has previously been granted permission to travel abroad, (ECF No. 748,) factors which indicate the Defendant's current supervision is not unduly burdensome. *See United States v. Mejia*, No. 13-Cr-617 (KPF), 2025 WL 3779083, at *3 (S.D.N.Y. December 30, 2025) (denying motion for early termination where defendant was on the Probation Office's low-intensity docket, and his imposed supervision requirements did not place "unusual burdens on him or otherwise interfere with his ability to adjust to society").

Finally, the § 3553(a) factors, particularly the nature and circumstances of the underlying offenses, weigh against early termination. As noted above, Defendant played an integral role in a violent drug enterprise. Defendant's positive adjustment, particularly his successful participation in the RISE court program, has resulted in a two-year reduction of his term of supervised release. Early termination of his supervised release term, after this court has already granted him substantial leniency, would not reflect the seriousness of his actions and would "undermine the deterrent purpose of the original sentence." *See United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021).[2]

---

[2] Defendant's motion also relies heavily on the recent policy statement of the U.S. Sentencing Commission at U.S.S.G. § 5D1.4. This Court has not identified any authority to suggest that this recent policy statement

4

## IV.   CONCLUSION

Defendant's motion for early termination of his term of supervised release is DENIED

because he has not demonstrated extraordinarily good behavior or unforeseen circumstances which

justify early termination.  The Clerk of Court is directed to close the motions at ECF Nos. 759 and

764.

Dated: April 20, 2026
      New York, New York

                SO ORDERED.

                *George B. Daniels*

                GEORGE B. DANIELS
                United States District Judge

---

alters the legal standard for granting a motion for early termination.  Section 5D1.4 merely restates the court's authority under 18 U.S.C. § 3583(e)(1) to terminate the remaining term of supervision if the court determines that early termination is "warranted by the conduct of the defendant and in the interest of justice." U.S. Sent'g Guidelines § 5.D1.4 (b) (U.S. Sent'g Comm'n 2025).